UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ALAN T. DIXON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:14-mc-00739 |
| TENNCARE FORCES, | ) Chief Judge Haynes ) ) |
| Defendant. | ) |

## ORDER

Plaintiff Alan T. Dixon has filed a complaint against "Tenncare Forces" seeking "a Federal override (for or on) on a State local commitali (one)[sic]." (Docket No. 1). Mr. Dixon appears to be hospitalized against his will at the Rolling Hills Hospital, a mental health and substance abuse treatment center in Franklin, Tennessee. (*Id.*)

By Order entered on June 4, 2014, the Court notified the Plaintiff that, within thirty (30) days of receipt of the Court's Order, he must either submit to the Court the required civil filing fee or an application to proceed *in forma pauperis*. (Docket No. 2). The Court advised the Plaintiff that he could request an extension from the Court if necessary to comply with the Court's instructions. (*Id.*)

To date, the Plaintiff has not submitted the civil filing fee or an application to proceed *in forma pauperis*. Neither has Plaintiff requested an extension of time within which to comply with the Court's prior Order. The docket sheet reflects that the Clerk's Office mailed a copy of the Court's Order to the Plaintiff, at the mailing address provided by the Plaintiff, on June 4, 2014. (Docket No. 2). The docket sheet further reflects that the Court's Order was received and signed for by Camelia Hamm on June 6, 2014. (Docket No. 4).

1

An action is subject to dismissal for want of prosecution where the *pro se* litigant fails to comply with the court's orders or engages in a clear pattern of delay. *Gibbons v. Asset Acceptance Corp.*, No. 1:05CV467, 2006 WL 3452521, at *1 (S.D. Ohio Nov. 29, 2006); *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). District courts have the inherent power to *sua sponte* dismiss an action for want of prosecution "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash Railroad*, 370 U.S. 626, 630-31 (1962).

The Clerk is **DIRECTED** to convert this miscellaneous matter to a civil action. However, process shall not issue. This action is hereby **DISMISSED** for failure to comply with the order of the court and for want of prosecution. Fed. R. Civ. P. 41(b).

It is so **ORDERED**.

Entered this the 2nd day of September, 2014.

William J. Haynes, Jr.
Chief United States District Judge